**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

LETHONIA MILLER,

                Plaintiff,

        v.                                          14-CV-393
                                                  **DECISION AND ORDER**
NEW YORK STATE POLICE, KEVIN KENDALL,
and FRANCIS P. CHRISTENSEN,

                Defendants.
_____

      This case is before the Court on the Plaintiff's objections to Magistrate Judge Foschio's Report and Recommendation, which recommends granting in part and denying in part the Defendants' motion to dismiss.  For the reasons stated below, the Court adopts those portions of the Report and Recommendation to which no party has objected.  The Court does not, however, adopt Judge Foschio's recommendation to dismiss the Plaintiff's Americans with Disabilities Act (ADA) claim.  The Court therefore denies the Defendants' motion to dismiss the Plaintiff's ADA claim.

## DISCUSSION

      The Court assumes familiarity with this case's factual and procedural background.  *See generally Miller v. New York State Police*, 2016 WL 2868840 (W.D.N.Y. May 17, 2016) (Report and Recommendation). The Plaintiff objects to Judge Foschio's recommendation to dismiss the Plaintiff's ADA claim for failure to state a

claim upon which relief can be granted.[1]   The Court reviews that recommendation *de novo*.   *See* 28 U.S.C. § 636(b)(1).

To state a claim under the ADA, a plaintiff must allege, among other things, that he or she is a "qualified individual."   42 U.S.C. § 12112(a).   The ADA defines a "qualified individual" as a person "who, with or without reasonable accommodation, can perform the *essential functions* of the employment position that such person holds or desires." *Id.* § 12111(8) (emphasis added).   And the Equal Employment Opportunity Commission (EEOC) defines the term "essential functions" to mean "the fundamental job duties of the employment position the individual with a disability holds or desires."   29 C.F.R. § 1630.2(n)(1).   "[E]ssential functions do[] not," however, "include the marginal functions of the position."   *Id.*

The primary issue raised in the Plaintiff's objections is whether he has plausibly alleged that, with or without a reasonable accommodation, he can perform the "essential functions" of a New York State Trooper.   The Plaintiff's sole allegation on this score is that he "was and is able to perform the functions of his job.   Plaintiff has been employed with the Defendant since 1987."   Docket No. 9 (First Amended Complaint

---

[1]   The parties dispute whether the Plaintiff also appealed Judge Foschio's order denying in part and granting in part the Plaintiff's second motion for leave to file an amended complaint.   That motion sought, among other things, to amend the Plaintiff's ADA claim and to add a claim under the Rehabilitation Act. The Plaintiff's objections begin by stating that they "focus solely on the portions of the *Recommended* Order that addresses the *dismissal* of the disability claims under the Americans with Disabilities Act and the Rehabilitation Act . . . in the Third Amended Complaint."   Docket No. 33 at 2 (citations, parentheticals, and parenthesis omitted; emphases added).   Given its reference to a "recommended order" of "dismissal," as well as its reference to the Rehabilitation Act (which the Plaintiff did not include in his first amended complaint), this statement could be read both as an objection to Judge Foschio's recommendation to dismiss *and* as an appeal of his order denying leave to amend.   However, the Court construes the Plaintiff's objection only as an objection to Judge Foschio's recommendation to dismiss the Plaintiff's ADA claim.   Local Rule of Civil Procedure 72(a) provides that, when a party appeals a magistrate judge's nondispositive order, the appealing party must "clearly set out" the "specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law."   If the Plaintiff intended to appeal Judge Foschio's order, the Plaintiff did not "clearly set out" the reasons why he believes Judge Foschio's order is clearly erroneous or contrary to law.   The Court therefore does not address Judge Foschio's orders concerning either of the Plaintiff's motions to amend.

(FAC)) ¶ 108.  This barebones allegation "pushes the envelope on the minimum required to survive a motion to dismiss."  *Blackburn v. Trustees of Guilford Technical Comm. College*, 822 F. Supp. 2d 539, 553 (M.D.N.C. 2011).  But, as the EEOC's definition of "essential functions" demonstrates, the nature of a job's essential functions is a fact-bound question ill-suited for resolution on a motion to dismiss.  The Plaintiff's allegation therefore "sufficiently alleges that [the Plaintiff] could perform the 'essential functions' of [his] job . . . particularly since [he] was apparently capable of doing so before" the events giving rise to this case.  *Id.  See also id.* at 552-53 ("A determination of whether the 'modified duties' [the plaintiff] claims she could perform would have satisfied the 'essential functions' of her job ultimately requires a detailed factual inquiry, which ordinarily would be decided on a factual record."); *EEOC v. Burlington No. Santa Fe Ry.*, No. 12-2634-JWL, 2013 WL 1397130, at *5 (D. Kas. Apr. 5, 2013) (making a similar point and citing cases).

The Defendants next argue that the Plaintiff's other allegations undercut his claim that he could, in fact, perform the "essential functions" of his job.  This argument is based on the Plaintiff's allegation that, "[o]n June 17, 2014[,] [he] deliver[ed] a doctor's note to Defendant . . . .  This note indicated that plaintiff's doctor requested that plaintiff be excused from work due to stress in the work place.  This note also state[d] that plaintiff is being treated for depression."  FAC ¶ 36.  The Defendants argue that the Plaintiff "cannot claim that that he is qualified for the essential functions of his job when his physician is saying he cannot continue to work for the good of his health."  Docket No. 35 at 6.  Put differently, the Defendants argue that the Plaintiff's claim concerning his doctor's note "is a factual allegation affirmatively asserting that he is not qualified to

perform any of the functions of his job, essential or not." *Id.*  The Plaintiff responds by arguing that the Defendant's interpretation of the doctor's note "omits the possibility of a modified work schedule in the form of leave."  Docket No. 36 at 4.

The issue, then, is how to interpret the Plaintiff's allegation concerning his doctor's note.  If, on the one hand, the note is interpreted to mean that the Plaintiff cannot work at all, then the Defendant may be correct that the Plaintiff has not alleged that he can perform the "essential functions" of his job.  If, however, the note is simply a request that the Plaintiff be placed on leave, then it might be an allegation supporting a request for a reasonable accommodation.

The standard of review for a motion to dismiss resolves this dispute.  It is well-settled that, when assessing whether a complaint states a claim upon which relief may be granted, a court must "constru[e] the complaint liberally, accepting all factual inferences in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Concord Ass'c L.P. v. Entm't Properties Trust*, 817 F.3d 46, 52 (2d Cir. 2016) (quotation marks omitted).  Thus, when an allegation is open to two competing interpretations—as paragraph 36 of the First Amended Complaint is—the Court must interpret the allegation in the Plaintiff's favor, so long as that interpretation is reasonable.  In this case, neither party suggests that the other party's interpretation of paragraph 36 is unreasonable.  The Court must therefore interpret paragraph 36, not as an admission that the Plaintiff could not perform the essential functions of his job, but, rather, as a request for a reasonable accommodation.

Thus, the Plaintiff has plausibly alleged that he could perform the "essential functions" of his job, either with or without a reasonable accommodation.  The

Defendants do not otherwise challenge whether the Plaintiff has stated a claim under the ADA. *See Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005) (reciting elements of an ADA claim). The Defendants' motion to dismiss the Plaintiff's ADA claim (FAC ¶¶ 110-116) is therefore denied.

Neither the Plaintiff nor the Defendants object to the remainder of Judge Foschio's recommendations to grant in part and deny in part the Defendants' motion to dismiss. The Court therefore reviews those recommendations for clear error. *See Mineweaser v. City of N. Townawanda*, 14-CV-144-RJA-JJM, 2016 WL 3279574, at *2 (W.D.N.Y. June 15, 2016). After careful review of the record, the Court finds no clear error. The Court therefore adopts the remainder of Judge Foschio's Report and Recommendation.[2]

---

[2] Judge Foschio recommends denying the Defendants' motion to dismiss the Plaintiff's § 1983 claims against Defendant Kendall. Those causes of action (FAC ¶¶ 68 – 88) seek to impose liability upon Kendall for discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964. The Court adopts this recommendation because, in proceedings before Judge Foschio, "no argument [was] asserted in support of dismissing the . . . § 1983 claims as against Kendall." Docket No. 32 at 21. The Court notes, however, that while a non-federal public employee may bring claims under both Title VII and § 1983 for race-based discrimination (*Annis v. Cnty. Of Westchester, N.Y.*, 36 F.3d 251, 255 (2d Cir. 1994)), § 1983 is *not* a backdoor for bringing a Title VII claim against an individual defendant. Rather, to bring a claim under § 1983, the Plaintiff must rely on a source of rights independent of Title VII, such as the Equal Protection Clause. *See Saulpaugh v. Monroe Comm. Hosp.*, 4 F.3d 134, 143 (2d Cir. 1993) ("A plaintiff cannot use Section 1983 to gain perceived advantages not available to a Title VII claim, but a plaintiff can assert a claim under Section 1983 if some law *other than Title VII* is the source of the right alleged to have been denied.") (citations omitted, emphasis added). To be sure, the difference is likely irrelevant in this case because "for a § 1983 discrimination claim to survive a motion for judgment on the pleadings or a motion to dismiss, a plaintiff must plausibly allege a claim under the same standards applicable to a Title VII claim." *Vega v. Hemptstead Union Free School Dist.*, 801 F.3d 72, 88 (2d Cir. 2015) (making this point with regards to both a discrimination claim and a retaliation claim under § 1983). This is not, however, simply a matter of labels: Title VII's exhaustion requirements do not apply under § 1983 (*see Middlebrooks v. Coughlin*, 970 F. Supp. 210, 212 (W.D.N.Y. 1997)); likewise, "Title VII and § 1983 diverge in that a Title VII claim can be based upon *respondeat superior* liability, whereas a § 1983 claim cannot." *Dean v. N.Y. Transit Auth.*, 297 F. Supp. 2d 549, 554 (E.D.N.Y. 2004). As noted, while these differences are likely irrelevant in this case, it is still important to correctly identify the basis for the Plaintiff's claims before summary judgment and/or trial.

The Court remands this case to Judge Foschio for further pretrial proceedings.

**SO ORDERED.**


Dated: August 25, 2016                                      _____s/Richard J. Arcara_____
      Buffalo, New York                          HONORABLE RICHARD J. ARCARA
                                    UNITED STATES DISTRICT JUDGE